HALL, Special Administratrix, Respondent, vs. McDONALD, Appellant.

*November 10—December 6, 1938.*

*C. L. Baldwin* of La Crosse and *D. M. Perry* of Black River Falls, for the appellant.

*E. S. Jedney* and *Ralph S. Lund,* both of Black River Falls, for the respondent.

FAIRCHILD, J. McDonald's employee was engaged in securing wood from a wood lot outside the city of Black River Falls. On the way he invited Richard Halverson, a fourteen-year-old boy, to accompany him. When the employee asked Halverson if he would like to drive, the boy replied that he did not know how to shift gears in a truck. Nevertheless the employee and the boy exchanged places and Richard drove. When he saw the Hall car approaching, he lost control of the

truck and it turned across the road directly in front of Hall, whose car struck the right side of the truck. The road was thirty feet wide, and the circumstances disclosed by the record clearly indicate that the accident occurred because the truck was in the hands of an incompetent driver.

The fact that McDonald's employee in charge of the truck was not authorized to permit another to drive does not relieve McDonald from liability for the negligence of his own driver in permitting an incompetent person to take the wheel. Restatement, Agency, § 241. The increased risk of harm to others from such a procedure is plain. The employee was under a duty to supervise and control the truck, and the liability of the owner does not depend upon whether the substitute driver became an agent of the owner.

If the authorized driver places at the wheel an incompetent substitute, the employer is not less liable than he would be if the driver left the car on an incline without sufficiently applying the brakes. *Grant v. Knepper* (1927), 245 N. Y. 158, 156 N. E. 650. Nor is the employer relieved from liability because the employee had no legitimate reason for making the substitution. The act of an employee may be within the scope of his employment although done in part to serve the purposes of the servant or of a third person. *Le Sage v. Le Sage* (1937), 224 Wis. 57, 271 N. W. 369; *Thomas v. Lockwood Oil Co.* (1921) 174 Wis. 486, 182 N. W. 841.

As to the question raised by the motion to review, we are of the opinion that the amount allowed for pain and suffering, while not large, is within reason, and that there does not exist a sufficient cause for changing that answer. The order dismissing the cross complaint of McDonald against the county is not seriously challenged on this appeal. It appears that the ruling of the trial court, based upon an absence of any showing of a defect in the highway, was correct.

*By the Court.*—Judgment affirmed.